**Case No. 25-7126**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

TREVOR KEVIN BAYLIS,

*Plaintiff-Appellant,*

v.

VALVE CORPORATION,

*Defendant-Appellee.*

On Appeal from the United States District Court
for Western Washington, Seattle
Case No. 2:23-cv-01653-RSM
The Honorable Ricardo S. Martinez

---

## APPELLEE'S ANSWERING BRIEF

---

Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
Arete Law Group PLLC
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Appellee*
*Valve Corporation*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................5

STATEMENT OF JURISDICTION.......................................................6

STATEMENT OF ISSUES .....................................................................7

STATEMENT OF THE CASE .................................................................7

  A.   The Parties.........................................................................................7

  B.   The Work ...........................................................................................8

  C.   The Finnish Market Court Entered a Judgment Determining That Baylis Does Not Own Copyrights in *Iron Sky* or in Its Models and Animation......9

  D.   Baylis Ignored the Market Court Judgment and Sought a Different Result in the United States. ....................................................................11

     1.   Baylis obtained a copyright registration for *Iron Sky* by submitting knowingly inaccurate information to the U.S. Copyright Office........11

     2.   Baylis claimed Valve infringed on copyrights Baylis does not own. .12

  E.   The District Court Dismissed Baylis' Claims..............................................12

SUMMARY OF THE ARGUMENT ........................................................17

  A.   The District Court Properly Found that Comity Applies to the Market Court Judgment. ...........................................................................17

  B.   The District Court Properly Estopped Baylis from Relitigating His Claims to Copyright Ownership.................................................................18

  C.   The District Court Properly Dismissed Baylis' Copyright Infringement Claims. ............................................................................................19

STANDARDS AND SCOPE OF REVIEW................................................19

  A.   Standards of Review ..........................................................................19

  B.   Scope of Review ................................................................................20

ARGUMENT ..........................................................................................21

  A.   The District Court's Grant of Comity was Proper, and Baylis Did Not Dispute It................................................................................................21

1

       1.    The District Court properly granted comity to the Market Court Judgment. .......................................................................21

       2.    Baylis waived any argument regarding the Market Court's subject matter jurisdiction...............................................................24

   B.   The District Court's Application of Collateral Estoppel Was Proper and Baylis Did Not Dispute it Below. .............................................25

   C.   The U.S. Copyright Registration Does Not Affect the Analysis. ...............28

   D.   The District Court Properly Dismissed Baylis' Copyright Infringement Claims. ...................................................................................28

CONCLUSION.............................................................................29

STATEMENT OF RELATED CASES ....................................................31

CERTIFICATE OF COMPLIANCE .......................................................32

CERTIFICATE OF SERVICE .............................................................33

# TABLE OF AUTHORITIES

## Cases

*Ackermann v. Levine*
    788 F.2d 830 (2d Cir. 1986) ..........................................................................22

*Bank of Montreal v. Kough*
    612 F.2d 467 (9th Cir.1980) ..........................................................................20

*Clark v. Bear Stearns & Co.*
    966 F.2d 1318 (9th Cir.1992) .......................................................................25

*Cooper v. Tokyo Elec. Power Co., Inc.*
    860 F.3d 1193 (9th Cir. 2017) ......................................................................19

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*
    499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ...........................14

*Hendricks & Lewis PLLC v. Clinton*
    766 F.3d 991 (9th Cir. 2014) .................................................................. 19, 24

*Hilton v. Guyot*
    159 U.S. 113, 16. S. Ct. 139, 40 L. Ed 95 (1895) ................................ passim

*Hurst v. Socialist People's Libyan Arab Jamahiriya*
    474 F. Supp. 2d 19 (D.D.C. 2007)................................................................21

*In re Napster, Inc. Copyright Litig.*
    191 F. Supp. 2d 1087 (N.D. Cal. 2002).........................................................27

*In re Neves*
    570 B.R. 420 (Bankr. S.D. Fla. 2017) ...........................................................22

*Leo Feist, Inc. v. Debmar Pub. Co.*
    232 F. Supp. 623 (E.D. Pa. 1964)..................................................................20

*Lynn v. Sheet Metal Workers' Int'l Ass'n*
    804 F.2d 1472 (9th Cir. 1986), *aff'd*, 488 U.S. 347, 109 S. Ct. 639, 102 L.
        Ed. 2d 700 (1989) ...............................................................................19

*Montana v. United States*
    440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) ....................................25

*Mujica v. AirScan Inc.*
    771 F.3d 580 (9th Cir. 2014) ...........................................................................19

*Mullane v. Cent. Hanover Bank & Tr. Co.*
    339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) ........................................21

*Nat'l Steel Corp. v. Golden Eagle Ins. Co.*
    121 F.3d 496 (9th Cir. 1997) ...........................................................................19

*Pony Express Recs., Inc. v. Springsteen*
    163 F. Supp. 2d 465 (D.N.J. 2001) ..................................................... 20, 21, 25

*Roberts v. BroadwayHD LLC*
    518 F. Supp. 3d 719 (S.D.N.Y. 2021) .............................................................27

*San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*
    545 U.S. 323, 125 S. Ct. 2491, 162 L. Ed. 2d 315 (2005) ............................25

*Somportex Ltd. v. Philadelphia Chewing Gum Corp.*
    453 F.2d 435 (3d Cir. 1971) ...................................................................... 20, 21

*Spirit of Aloha Temple v. Cnty. of Maui*
    49 F.4th 1180 (9th Cir. 2022) .................................................................... 19, 26

*Tahan v. Hodgson*
    662 F.2d 862 (D.C. Cir. 1981)..........................................................................22

*Town of N. Bonneville v. Callaway*
    10 F.3d 1505 (9th Cir. 1993) ..................................................................... 18, 25

## Statutes

17 U.S.C. § 410(c) .................................................................................................27

28 U.S.C. § 1291 ......................................................................................................5

28 U.S.C. § 1332......................................................................................................5

## INTRODUCTION

In 2017, appellant Trevor Baylis ("Baylis") filed a copyright lawsuit in the Finnish Market Court ("Market Court"), Finland's specialized court with jurisdiction over intellectual property disputes. Baylis sought a ruling that he held copyright ownership in a 2012 Finnish movie called *Iron Sky* as a joint author through his work as an amateur animator for the production company on parts of a handful of animations of spacecraft for the movie. He also sought a ruling that he owned copyright in those animations. After a full evidentiary trial in which Baylis participated and was represented by experienced intellectual property law counsel, the Market Court entered a written decision in 2018 ("Market Court Judgment") holding:

- Baylis was not an author of *Iron Sky* and does not hold any copyright to the film;

- Baylis does not hold any copyrights to the film's models and animation.

Baylis appealed to the Finnish Supreme Court and lost.

In 2023, eleven years after the movie's release and five years after the Market Court Judgment issued, Baylis filed a registration with the United States Copyright Office claiming he was the author and copyright owner of *Iron Sky*. He then sued Valve Corporation ("Valve") in the United States District Court for the Western District of Washington ("District Court") to overturn the Market Court's and the

Finnish Supreme Court's decisions, claiming that a video game distributed on Valve's gaming platform infringes his *Iron Sky* copyrights.

Valve moved for summary judgment because Baylis' claims are precluded by comity and collateral estoppel. In opposing Valve's Motion for Summary Judgment ("MSJ"), Baylis did not contest the elements of comity or collateral estoppel. The District Court properly applied those doctrines and gave effect to the Market Court Judgment - a final foreign judgment that squarely resolved the copyright ownership issues on which Baylis' claims depend.

In this appeal, Baylis continues to fail to engage with the elements of comity and collateral estoppel and instead argues, again, that the Market Court Judgment was wrong. This Court should reject Baylis' appeal and put an end to his serial attempts to relitigate the identical copyright claims that a competent court of foreign jurisdiction resolved in 2018.

## STATEMENT OF JURISDICTION

Baylis invoked the District Court's jurisdiction under 28 U.S.C. § 1332 for diversity jurisdiction. This Court has appellate jurisdiction over the decision of the District Court under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

(1) Whether the District Court's grant of comity to the Finnish Market Court Judgment should be upheld;

(2) Whether the District Court's decision to apply collateral estoppel to the Market Court Judgment should be upheld; and

(3) Whether the District Court's dismissal of Baylis' copyright infringement claims should be upheld where Baylis cannot establish copyright ownership in *Iron Sky* and its Models and Animations.

## STATEMENT OF THE CASE

This case presents a straightforward question: whether the District Court properly applied the doctrines of comity and collateral estoppel based on a foreign judgment.[1]

### A. The Parties

Baylis is a United Kingdom citizen and resident of Finland. 4-SER-787, ¶ 3. In 2010 and 2011, Baylis was unemployed and was placed in a Finnish government-funded work-training program through which he provided animation work on *Iron*

---

[1] In an effort to focus solely on the relevant legal issues in this appeal, Valve avoids addressing in unnecessary detail Baylis' irrelevant legal and factual arguments regarding the Finnish Market Judgment, such as his "Orphan Works" argument and notions regarding choice of law, none of which are germane to this Court's review of the District Court's comity and collateral estoppel analysis.

*Sky* for Finnish production companies in Helsinki. 4-SER-793, ¶¶ 40-41; 4-SER-819-20, ¶¶ 82-83.

Valve is a video game developer and digital distributor, headquartered in Bellevue, Washington. 4-SER-787-88, ¶¶ 5-6. Valve operates a digital distribution platform called Steam through which third-party game developers can sell and/or distribute video games. *Id.*

**B.    The Work**

The work at issue here, *Iron Sky*, is a 2012 low-budget Finnish science fiction movie. According to Baylis' Second Amended Complaint ("SAC"), the Finnish companies Energia Productions and Blind Spot Pictures produced *Iron Sky* in Finland. 4-SER-792-93, ¶¶ 37-40. The plot, in essence, is that before the end of World War II, Nazis fled Earth on spaceships, established a settlement on the dark side of the moon, and, in 2012, returned to Earth. *Id.*, ¶¶ 37.

Pursuant to a Finnish government training agreement for unemployed workers, Baylis became a member of a team of amateur animators who worked on certain parts of the animation for particular spacecraft and weapons in some scenes in *Iron Sky*. 4-SER-793, ¶¶ 40-43; 4-SER-819, ¶ 82.

Later on, a video game was created based on *Iron Sky*, and a third party distributes that game on Steam.

8

**C.  The Finnish Market Court Entered a Judgment Determining That Baylis Does Not Own Copyrights in *Iron Sky* or in Its Models and Animation.**

In 2017, five years after the film's release, Baylis, along with other members of the amateur animation team, brought a copyright lawsuit in Finland's Market Court. The Market Court has subject matter jurisdiction over intellectual property rights matters (such as copyrights) and nationwide geographical jurisdiction. 3-SER-436-37, ¶ 14. The Finnish Copyright Act grants the Market Court subject matter jurisdiction over copyright. *Id.*, ¶ 15. Accordingly, Baylis filed suit in the Market Court against the producers of *Iron Sky*, seeking a declaration that he was a joint author of *Iron Sky* and that, as a joint author, he owned the copyright to the entire film. 3-SER-436, ¶ 11; 3-SER-451 at Claim 1.[2] Baylis, identified in the Market Court Judgment as "B",[3] also claimed he owned copyrights in certain 3D models and animation in *Iron Sky*. 3-SER-436, ¶ 11; 3-SER-451 at Claim 2(b). The 3D models and animation, in which he claimed copyright ownership, were:

- An animated spaceship called the Götterdämmerung, including its interior;
- a spaceship called the George W. Bush;

---

[2] Valve applied bates numbers to the translated version of the Market Court Judgment to allow the Court to more easily reference Valve's citations. There are no page numbers in the original.

[3] 3-SER-484-522 (Ex. B to Lindfors' Declaration) is an unredacted version of the Market Court Judgment showing the actual party names. 3-SER-435, ¶ 8. The plaintiff referred to as "B" in the translated version is Baylis. 3-SER-435-36, ¶¶ 8, 10.

9

- a spaceship called the Valkyrie;
- a moon base, including its interior;
- a landing module; and
- a space vessel for Australian representatives.

*Id.* (collectively, the "Models and Animation").

Baylis and his co-plaintiffs were represented during their lawsuit by an experienced Finnish intellectual property rights attorney. 3-SER-436, ¶ 13. Baylis and his co-plaintiffs offered extensive evidence, including documents, photos, model images, and video recordings. 3-SER-436-38, ¶¶ 13, 17; 3-SER-455-56. The Market Court also considered evidence from the defendant production company, including emails, Twitter messages, screenshots, video recordings, employment contracts, and other documents. 3-SER-437-38, ¶ 17; 3-SER-457 . In addition, the Market Court heard testimony from all the parties, including Baylis. 3-SER-436-37. ¶¶ 13, 17.

On May 31, 2018, after an evidentiary hearing on the merits, the Market Court issued a written decision setting out a detailed record of the evidence and arguments it considered as well as its analysis and decision ("Market Court Judgment"). 3-SER-435, ¶ 8; 3-SER-449-522. The Market Court ruled in pertinent part that:

- Neither Baylis nor any of the other members of the animation team could be considered authors of *Iron Sky*, and they held no copyright to the film. 3-SER-436, ¶ 12; 3-SER-459, ¶ 24; 3-SER-466.

- Baylis did not have copyrights to the Models and Animation. 3-SER-436, ¶ 12; 3-SER-460, ¶¶ 37-44; 3-SER-461-62, ¶¶ 54-67; and 3-SER-466.

10

Baylis appealed the Market Court Judgment to Finland's Supreme Court. 3-SER-438, ¶ 18. The Finnish Supreme Court denied his appeal on October 29, 2018, leaving the Market Court Judgment as the final decision on the merits. *Id.*[4]

**D.    Baylis Ignored the Market Court Judgment and Sought a Different Result in the United States.**

**1.    Baylis obtained a copyright registration for *Iron Sky* by submitting knowingly inaccurate information to the U.S. Copyright Office.**

Five years after the Market Court Judgment was issued, in an attempt to evade its rulings, Baylis turned to the U.S. to try to relitigate his copyright ownership claim. On August 11, 2023, Baylis filed a copyright registration application for *Iron Sky* with the U.S. Copyright Office. In his application, he misrepresented that he held a copyright in *Iron Sky* as a joint author, despite the Market Court Judgment. 4-SER-669-70, ¶¶ 2-3; 4-SER-673-92.  He did not disclose the Market Court Judgment in his application. In subsequent proceedings on that issue, the District Court found that "Valve has made the required showing that (1) Mr. Baylis submitted inaccurate information regarding his status as a joint author of Iron Sky to the copyright office, and (2) he submitted the information with knowledge that it was inaccurate." 1-SER-23:8-11. The Copyright Office does not inquire into the veracity of applicants' applications, so a registration was issued. 1-SER-013:10-13. Baylis filed his original

---

[4] The appellate decision was also previously provided to the District Court at 4-SER-670, ¶ 6; 4-SER-767-68.

complaint in this action against Valve on October 30, 2023 (4-SER-846-51), and an Amended Complaint on February 6, 2024. 4-SER-786-833.

### 2. Baylis claimed Valve infringed on copyrights Baylis does not own.

In his complaint, Baylis alleged that Valve distributes a video game and images derived from *Iron Sky* and, on that basis, asserted claims for direct and contributory copyright infringement.[5] 4-SER-786-833. Baylis sought a redetermination of the identical issues the Market Court had already decided (and the Finnish Supreme Court affirmed), asking the District Court to hold that he *does* own the copyright to the entire *Iron Sky* film and to the same Models and Animation at issue in the Market Court Judgment. 4-SER-787, ¶¶ 3-4; 4-SER-799-818, ¶¶ 63-81; 4-SER-827-28, ¶¶ 108-15.

### E. The District Court Dismissed Baylis' Claims.

On August 28, 2025, because Baylis had already litigated his copyright ownership claims in the Finnish Market Court and had received a final ruling on the issue, Valve moved for summary judgment to dismiss based on principles of comity and collateral estoppel. 3-SER-523-37; 3-SER-434-522; 3-SER-353-61. Valve's Motion for Summary Judgment ("MSJ") included as exhibits a certified translation

---

[5] Baylis also asserted two additional claims for "Material Misrepresentation" and "Willful Blindness." 4-SER-829-31, ¶¶ 116-35. The District Court dismissed those claims on March 20, 2024. *See* Order Granting Partial Motion to Dismiss (4-SER-780-85). Baylis has not appealed the dismissal of those claims.

of the Market Court Judgment as well as a sworn declaration of a Finnish law expert regarding the Market Court's jurisdiction and the docket and proceedings related to the Market Court Judgment. 3-SER-434-40; 3-SER-449-522.

On September 15, 2025, Baylis filed his Opposition to Motion for Summary Judgment ("MSJ Opposition"). Baylis did not address or dispute the elements of comity and collateral estoppel Valve raised in its MSJ. *See* 3-SER-402-28; 3-SER-353-61. Baylis' MSJ Opposition does not once mention the word "jurisdiction," much less dispute that the Market Court had subject matter jurisdiction. *See* 3-SER-402-28.

On October 29, 2025, the District Court granted Valve's MSJ. In its order ("MSJ Order"), the court analyzed the comity elements set forth in *Hilton v. Guyot,* 159 U.S. 113, 16. S. Ct. 139, 40 L. Ed 95 (1895), and its progeny and found the Market Court Judgment satisfied them. 1-SER-009-12. Specifically, the District Court ruled that:

> Valve asserts that the Finnish Court in question had both subject matter and personal jurisdiction over Baylis's claims. This makes sense, and Baylis cannot reasonably argue otherwise as he was the plaintiff in that case. This Court is satisfied that the Finnish decision was based on a review of substantial evidence and testimony, including testimony from Baylis himself. The Finnish decision was entered in a clear and formal record.

1-SER-010:23-11:3.

The District Court further noted that Baylis did not contest or address the above comity analysis. The court explained that "Baylis does not really argue with any of this. Instead, he repeatedly attacks the factual and legal findings of the Finnish Market Court." 1-SER-011:3-5. The District Court refused to allow Baylis' attempts to do so, recognizing that *Hilton* proscribes such efforts. The court recited that it "declines to have a new trial here on the same issues as those heard in a foreign court 'upon the mere assertion of the party that the judgment was erroneous in law or in fact.'" 1-SER-011:3-7 (citing *Hilton*, 159 U.S. at 202-03). It ordered that "[g]iven the above, the Court finds that the *Hilton* requirements for recognition of a foreign judgment are met." 1-SER-012:7-8.

Finding comity applied, the District Court analyzed the elements of collateral estoppel. The District Court found that the Market Court Judgment was final, that Baylis was a party to that action, and that he had a full opportunity to and did participate in the action. 1-SER-013:3-4. It also found that the issues were identical:

> In the Finnish Decision, the court ruled that Baylis did not possess copyrights to either the entire film or to the Models and Animation. Now, Baylis asks this Court to re-decide these exact issues to pursue claims of infringement against Valve. *See* Dkt. #25 at ¶¶ 63-81, 109, 113, 117, 125. These are the same issues.

1-SER-012:22-13:2. Accordingly, the District Court found that Baylis "is thus properly estopped here from pursuing copyright infringement claims that require copyright ownership in the underlying material." 1-SER-013:4-6 (citing *Feist*

14

*Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).[6] It granted Valve's MSJ and dismissed Baylis' claims as a matter of law. 1-SER-013:14-15; 17-19. That same day, October 29, 2025, the District Court entered final judgment. 3-SER-352.

On October 30, Baylis filed a motion entitled "Motion for a New Trial or in the Alternative to Amend the Judgment." On October 31, recognizing it as a motion for reconsideration, the District Court did not require any response from Valve and found:

> Plaintiff's arguments do not demonstrate manifest error or new facts or legal authority. Plaintiff simply repeats, in a few short sentences, prior legal arguments that were considered and rejected by the Court. He does not engage with the legal reasoning of the Court's Order, including the requirements for recognition of a foreign judgment under *Hilton v. Guyot*, 159 U.S. 113, 163, 16 S. Ct. 139, 40 L. Ed. 95 (1895). Plaintiff sets forth no reasonable basis for the Court to reject the holdings of the Finnish Market Court, a Court that he went to for relief as a plaintiff. Accordingly, this Motion is properly denied under LCR 7(h).

3-SER-350.

On November 3, Baylis filed another motion, entitled "Motion to Amend Judgment." There, for the first time, Baylis claimed that the Market Court lacked subject matter jurisdiction over the case that Baylis himself brought as plaintiff.

---

[6] The District Court also found that "U.S. Copyright Office's ruling, sought in the course of this case, has no bearing on the ruling here because that Office took Baylis at his word without any of the above [comity and collateral estoppel] analysis." 1-SER-013:10-13.

Valve responded (2-SER-306-11), and the District Court denied Baylis' motion on November 20, 2025. In its order, the District Court recited:

> The Court agrees with Valve that Baylis impermissibly raises arguments and presents evidence for the first time that could reasonably have been raised earlier in litigation. *See* Dkt. #112 at 2–3. Baylis does not challenge this Court's subject matter jurisdiction; he challenges the Court's reliance on a Finnish Market Court ruling against him because, he now argues, that court did not have subject matter jurisdiction over claims he brought as a plaintiff. As before, but doubly so, the Court "declines to have a new trial here on the same issues as those heard in a foreign court 'upon the mere assertion of the party that the judgment was erroneous in law or in fact.'" Dkt. #98 at 7 (citing *Hilton v. Guyot*, 159 U.S. 113, 202-03, 16 S. Ct. 139, 40 L. Ed. 95 (1895)).

1-SER-004:2-11.

Immediately after receiving the District Court's order, Baylis filed yet another motion to overturn the MSJ Order, entitled "Rule 60(b)(4) Motion." Again, Valve responded. 2-SER-031-33. And again, the District Court denied Baylis' motion. In its December 1, 2025, order, the District Court explained:

> The instant Motion makes the same arguments under a different Rule. Mr. Baylis repeats that the Finnish Market Court lacked subject matter jurisdiction. Dkt. #117 at 2–3. He declares that "ALL these Court Rulings are a Legal Nullity ALL OF THEM." *Id*. at 4 (emphasis in original). Out come the exclamation marks, bold, underlined phrases, and writing in all capital letters. He states, "[t]his is not rocket science!" and "NEVER VALID!!!" *Id*. He proclaims, hyperbolically and without irony, that "[t]here cannot be a more egregious wrong than to get the birthplace wrong of a subject in order to usurp god given rights away from that to that subject." *Id*. He accuses the Court of committing a human rights violation. *Id*. He states that "not e'en god would want to disagree with Baylis." *Id*. at 5 (poetic phrasing in original).

2-SER-029:13-22. The Court ordered that "Mr. Baylis cannot use further motions to rehash previous arguments, ask the Court to reconsider its rulings, or to otherwise pursue dismissed claims. This case is now on appeal, and he must make these arguments at the Ninth Circuit. Accordingly, all further motions filed by Mr. Baylis seeking to re-argue this case will be stricken by minute order." 2-SER-030:10-14.

## SUMMARY OF THE ARGUMENT

### A. The District Court Properly Found that Comity Applies to the Market Court Judgment.

The District Court properly applied a comity analysis to grant comity to the Finnish Market Court Judgment that held that Baylis holds no copyrights in *Iron Sky* or its Models and Animation. *Hilton v. Guyot*, 159 U.S. 113, 163–64, 16. S. Ct. 139, 40 L. Ed 95 (1895), provides that a foreign judgment "is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court" if that judgment was:

(1)    entered by a competent court;

(2)    having both personal and subject-matter jurisdiction;

(3)    brought upon due allegations and proofs, giving the parties the opportunity to defend against the claims; and

(4)    is entered in a clear and formal record.

*Id*. at 159-60. Applying these elements, the District Court properly found that it was uncontested that the Finnish court system is competent and the Finnish Market Court had personal and subject matter jurisdiction over Baylis, who, as a plaintiff, had

17

affirmatively invoked the Market Court's jurisdiction. It also found that Baylis and his co-plaintiffs, who were represented by an experienced intellectual property rights attorney, had presented evidence and testimony and had participated in the Market Court case, and that the Market Court had issued a clear and final written decision based on a review of the allegations and proofs.

Baylis does not offer any grounds that establish that the District Court abused its discretion in granting comity. Baylis tries to belatedly argue that the Market Court (the court in which he, as a plaintiff, affirmatively sought the court's jurisdiction to determine his copyright claim) lacked subject-matter jurisdiction, but he did not contest or even address jurisdiction in his MSJ Opposition, thereby waiving those arguments, which in any case lack merit.

Although Baylis' Brief asserts he disagrees with the Market Court Judgment, he still does not address the elements of comity and offers no arguments or grounds for disturbing the District Court's grant thereof. His request should be denied.

## B. The District Court Properly Estopped Baylis from Relitigating His Claims to Copyright Ownership.

Collateral estoppel applies when:

(1)     the issue at stake is identical to the one alleged in the prior litigation;

(2)     the issue was actually litigated by the party against whom preclusion is asserted in the prior litigation; and

(3)     the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action.

*Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). In his MSJ Opposition, Baylis did not contest any of the above elements. The District Court properly found that collateral estoppel barred Baylis from relitigating his copyright ownership claims.

In his Brief, Baylis continues to refuse to engage with the elements of collateral estoppel. Offering no grounds for disturbing the District Court's application of collateral estoppel, Baylis' request to overturn that decision should be denied.

## C. The District Court Properly Dismissed Baylis' Copyright Infringement Claims.

To prevail on his copyright infringement claims against Valve, Baylis needed to establish copyright ownership. As a matter of law, Baylis cannot establish this requisite element because a competent court has already conclusively established that he has no such ownership. Summary judgment dismissing his copyright infringement claims was proper.

## STANDARDS AND SCOPE OF REVIEW

## A. Standards of Review

A district court's decision to grant or deny comity is discretionary (*see, Hilton v. Guyot,* 159 U.S. 113, 163–64, 16 S. Ct. 139, 40 L. Ed. 95 (1895)), and the Court of Appeals reviews a district court's grant or denial of international comity for an abuse of discretion. *Cooper v. Tokyo Elec. Power Co., Inc.*, 860 F.3d 1193, 1205

(9th Cir. 2017). A district court's comity decision will only be reversed if the district court applied an incorrect legal standard or if its "application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* (quoting *Mujica v. AirScan Inc.*, 771 F.3d 580, 589 (9th Cir. 2014)).

Whether collateral estoppel bars a party's claims is a mixed question of law and fact. *Spirit of Aloha Temple v. Cnty. of Maui*, 49 F.4th 1180, 1193 (9th Cir. 2022). Courts of Appeal review *de novo* if the elements of collateral estoppel have been met and review the district court's decision to apply those elements to give preclusive effect for abuse of discretion. *Id.*

Courts of Appeal otherwise review summary judgment orders *de novo. Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1477 (9th Cir. 1986), *aff'd*, 488 U.S. 347, 109 S. Ct. 639, 102 L. Ed. 2d 700 (1989).

## B.    Scope of Review

The scope of appellate review is limited to the record presented to the district court at the time of summary judgment. *Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 500 (9th Cir. 1997). "A party does not properly preserve an issue for appeal by raising it for the first time in a motion for reconsideration." *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 998 (9th Cir. 2014).

# ARGUMENT

**A.  The District Court's Grant of Comity was Proper, and Baylis Did Not Dispute It.**

   **1.  The District Court properly granted comity to the Market Court Judgment.**

Comity is the "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation," subject only to narrow, well-defined exceptions. *Hilton*, 159 U.S. at 163–64. A foreign judgment "is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court" if that judgment was:

(1)  entered by a competent court;

(2)  having both personal and subject-matter jurisdiction;

(3)  brought upon due allegations and proofs, giving the parties opportunity to defend against the claims; and

(4)  is entered in a clear and formal record.

*Pony Express Recs., Inc. v. Springsteen*, 163 F. Supp. 2d 465, 472 (D.N.J. 2001) (citing and applying *Hilton* factors); *Bank of Montreal v. Kough*, 612 F.2d 467 (9th Cir. 1980); *Leo Feist, Inc. v. Debmar Pub. Co.*, 232 F. Supp. 623 (E.D. Pa. 1964). "Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect." *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971).

The "polestar" consideration for comity is "whether a reasonable method of notification is employed and reasonable opportunity to be heard is afforded to the person affected." *Id.* at 443; *see also Hurst v. Socialist People's Libyan Arab Jamahiriya*, 474 F. Supp. 2d 19, 34 (D.D.C. 2007) (federal courts may grant comity to foreign judgments entered following full and fair trial in foreign court of competent jurisdiction after proper service or voluntary appearance by defendant under judicial system that does not violate U.S. public policy) (citation omitted). In effect, basic notions of due process must be respected. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

Where a foreign court of competent jurisdiction has determined that a plaintiff does not possess copyright ownership, and the plaintiff had the opportunity to fully litigate the issues before that foreign court, a U.S. court may grant comity to that decision and grant summary judgment dismissing the plaintiff's copyright infringement claim based on principles of collateral estoppel. *See, e.g.*, *Pony Express*, 163 F. Supp. 2d at 476 (dismissing copyright infringement claims on summary judgment based on principles of comity and collateral estoppel where a court in the UK had already determined that the plaintiffs did not hold copyright in the works at issue).

When the elements of comity are present, the burden shifts to the party opposing comity to show that a foreign judgment "violates American policy notions

of what is decent and just." *See In re Neves*, 570 B.R. 420, 427 (Bankr. S.D. Fla. 2017); *see also Tahan v. Hodgson*, 662 F.2d 862, 864 (D.C. Cir. 1981). This burden is "high and unfrequently met" and is applicable only in "clear-cut cases." *Ackermann v. Levine*, 788 F.2d 830, 841 (2d Cir. 1986) (citations omitted). Significantly, comity deals with the competence of a judicial system as a whole. It is *not* a mechanism for reviewing a decision of an individual court. *Hilton*, 159 U.S. at 203. As *Hilton* explains, "the merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on a new trial or an appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact." *Id.*

Here, the District Court correctly applied the *Hilton* factors to the Market Court Judgment. 1-SER-009-12. First, it found that Finnish courts are competent generally, noting that Baylis offered no valid arguments to the contrary. 1-SER-010. Second, it found that the Market Court had both subject matter and personal jurisdiction over Baylis' claim, noting that Baylis himself had invoked the Market Court's jurisdiction "and . . . cannot reasonably argue otherwise as he was the plaintiff in that case." *Id*. Third, the District Court found the Market Court Judgment was based on a review of substantial evidence and testimony, including testimony from Baylis himself. 1-SER-010-11. Fourth, it found the Market Court Judgment was entered in a clear and formal record. 1-SER-011.

23

The District Court further found that Baylis did not dispute that all of the *Hilton* elements were met. 1-SER-011. Instead, he merely argued that the Market Court Judgment was wrong. *Id*. The District Court ordered that, as *Hilton* instructs, it "declines to have a new trial here on the same issues as those heard in a foreign court 'upon the mere assertion of the party that the judgment was erroneous in law or in fact.'" *Id.* (quoting *Hilton,* 159 U.S. at 202-03). The District Court MSJ Order applied the correct comity standard in a logical manner supported by the record. Its decision to grant comity should be upheld.

### 2. Baylis waived any argument regarding the Market Court's subject matter jurisdiction.

As the District Court found, Baylis did not contest any of the comity elements in his MSJ Opposition. 1-SER-011. Specifically, Baylis did not mention subject matter jurisdiction in his MSJ Opposition, much less contest the Market Court had it. As the District Court observed, Baylis affirmatively invoked the Market Court's jurisdiction, so axiomatically he "cannot reasonably argue otherwise as he was the plaintiff in that case." 1-SER-010. Nonetheless, Baylis now improperly attempts to raise the issue on appeal. He cannot do so. Baylis did not raise subject matter

jurisdiction in his MSJ Opposition. He waived the issue and it is not within the scope of review here. *See Hendricks*, 766 F.3d at 998.[7]

## B. The District Court's Application of Collateral Estoppel Was Proper and Baylis Did Not Dispute it Below.

After granting comity, the District Court properly analyzed whether the Market Court Judgment should be given preclusive effect through collateral estoppel. 1-SER-012-13.

Collateral estoppel applies when:

(1)  the issue at stake is identical to the one alleged in the prior litigation;

(2)  the issue was actually litigated by the party against whom preclusion is asserted in the prior litigation; and

(3)  the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action.

---

[7] Baylis does not dispute the subject matter jurisdiction of the District Court and is not raising the issue pursuant to Fed. R. Civ. P. 12(h). Indeed, he affirmatively asserts that the District Court has jurisdiction. 4-SER-791, ¶ 25; Appellant's Brief at 2. Rather, he is raising a new legal issue allegedly about the jurisdiction of a foreign court, which is not subject Fed. R. Civ. P. 12(h) and is waived if not raised in a response to summary judgment. Although it is not relevant, Baylis' identification of his argument as a "subject matter jurisdiction" argument is a misnomer. Baylis does not contest that the Market Court is the Finnish court with subject matter jurisdiction over copyright claims in Finland. Nor does Baylis contest that he was, in fact, one of the plaintiffs who affirmatively invoked that subject matter jurisdiction to ask the Market Court to decide his copyright claims. Similarly, Baylis does not assert that he ever argued to the Market Court that it should cease hearing his copyright claims because it lacked subject matter jurisdiction. Instead, years after the Market Court Judgment had been rendered final, Baylis uses the term "subject matter jurisdiction" to belatedly try to attack the legal and factual substance of the Market Court's rulings, including the choice of law applied. *See, e.g.*, Appellant's Brief at 34. Regardless of how he labels his argument, it is legally baseless, and he waived it in any case.

*Town of N. Bonneville*, 10 F.3d at 1508 (citing *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992)).

Citing *San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*, 545 U.S. 323, 336 n.16, 125 S. Ct. 2491, 162 L. Ed. 2d 315 (2005) and *Pony Express*, 163 F. Supp. 2d at 476, the District Court noted that "once an issue is actually and necessarily determined by a court of competent jurisdiction (including judgments that have been granted comity), that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." 1-SER-012:9-12. It explained that where "a party has been given a 'full and fair opportunity to litigate' a matter, he or she is precluded from further litigation of the same issue." 1-SER-012:17-19 (citing *Pony Express*, 163 F. Supp. 2d at 473-74 (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L.Ed.2d 210 (1979))).

Analyzing the foregoing, the District Court found that Baylis' copyright ownership issues before the Market Court and the District Court were identical. Baylis asked the Market Court to find that he owned a copyright in the film *Iron Sky* as a joint author and that he owned copyrights in *Iron Sky*'s Models and Animation. 1-SER-012:22-25. The Market Court Judgment ruled that Baylis did not possess copyrights to either the film or to the Models and Animation. *Id.* The District Court found that Baylis was necessarily asking the District Court to re-decide these exact issues. 1-SER-012:25-013:2 ("These are the same issues."). The District Court also

26

found that the Market Court Judgment was final, Baylis (as a plaintiff) was a party to that action, and that he had a full opportunity to participate. 1-SER-013:3-6. In his MSJ Opposition, Baylis did not contest these elements. The District Court properly applied collateral estoppel to preclude Baylis from re-litigating his copyright ownership claims. *Id.*

A District Court's application of collateral estoppel is reviewed for abuse of discretion. *Spirit of Aloha Temple*, 49 F.4th at 1193. The District Court properly applied collateral estoppel to bar Baylis from re-litigating the exact same issues of copyright ownership that the Market Court Judgment already decided.

Baylis' Brief does not engage with the collateral estoppel elements at all, much less dispute them. Baylis does not and cannot dispute that:

(1) the issues he litigates here are identical to those he litigated in Finland;

(2) he was a plaintiff in the Market Court, and he actually litigated the issue of whether he held the copyrights in *Iron Sky* and its Models and Animation; and

(3) determination of his lack of ownership was a critical element of the Market Court Judgment.

Baylis' refusal to engage with or dispute the foregoing elements is fatal to his appeal.

**C.     The U.S. Copyright Registration Does Not Affect the Analysis.**

Baylis wrongly claims his U.S. Copyright Registration is evidence that he owns the *Iron Sky* copyright. As the District Court properly ruled, the Copyright Office's grant of registration has no bearing on the legitimacy of copyright claims (which are for courts to decide) because "that Office took Baylis at his word without any of the above analysis." 1-SER-013. Although a copyright registration within five years of publication may create a rebuttable presumption of copyright ownership, that presumption can be overcome by evidence that the registrant is not the owner. 17 U.S.C. § 410(c); *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1096 (N.D. Cal. 2002). Here, no such presumption applies as Baylis applied for copyright registration more than a decade after first publication. And even if that presumption did apply, it was overcome by Valve's production of the Market Court Judgment, conclusively determining Baylis held no copyrights in *Iron Sky* or its Models and Animation.

**D.     The District Court Properly Dismissed Baylis' Copyright Infringement Claims.**

To prevail on his infringement claims, Baylis had to establish copyright ownership. *Feist Publications*, 499 U.S. at 361 ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); *see also, e.g., Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d 719, 733 (S.D.N.Y. 2021) (dismissing

contributory copyright infringement claim because the plaintiff's ownership claim was time barred and thus plaintiff could not establish necessary element of ownership). The District Court properly held that, as a matter of law, Baylis could not establish this requisite element because the Market Court Judgment conclusively established that he has no copyright ownership. Summary judgment dismissing his copyright infringement claims was proper.[8]

## CONCLUSION

For the reasons set forth above, Valve respectfully requests that the Court uphold the District Court's correct decisions in granting Valve's Motion for Summary Judgment and dismissing Baylis' claims.

//

//

---

[8] Valve does not believe Baylis' "Orphan Works" notion merits substantive discussion, but notes that Baylis baselessly asserts that Valve relies on such a theory. Valve does not. It relies on the preclusive Market Court Judgment, and the District Court's ruling does the same. The MSJ Order does not create an "Orphan Work." It merely finds that Baylis is not the owner of the copyrights. Baylis' argument is that if he is not the owner of the works, then he has a right to force Valve or the District Court to prove to him who is. Baylis' argument is specious and betrays a fundamental misapprehension. Under his hypothetical in which he is not the copyright owner (which he is not), then he lacks standing to bring suit on his "orphan works" theory.

Dated: February 20, 2026.                **ARETE LAW GROUP PLLC**

_/s/ Jonah O. Harrison_
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
jharrison@aretelaw.com
jroller@aretelaw.com

_Attorneys for Appellee Valve_
_Corporation_

## STATEMENT OF RELATED CASES

The undersigned counsel for Appellee Valve certifies under Ninth Circuit Rule 28-2.6 that he is unaware of any related cases pending in this Court.

Dated:  February 20, 2026.

**ARETE LAW GROUP PLLC**

_/s/ Jonah O. Harrison_
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
jharrison@aretelaw.com
jroller@aretelaw.com

_Attorneys for Appellee Valve_
_Corporation_

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,006 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Dated:  February 20, 2026.            **ARETE LAW GROUP PLLC**

*/s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Appellee Valve Corporation*

32

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: February 20, 2026.

**ARETE LAW GROUP PLLC**

*/s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA No. 34576
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
jharrison@aretelaw.com
jroller@aretelaw.com

*Attorneys for Appellee Valve Corporation*